NO. 22-20540

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

D. L. MARKHAM DDS, MSD, INC. 401(K) PLAN; D.L. MARKHAM DDS,
MSD, INCORPORATED, AS PLAN ADMINISTRATOR,

*Plaintiffs-Appellants*

v.

VARIABLE ANNUITY LIFE INSURANCE COMPANY; VALIC FINANCIAL
ADVISORS, INCORPORATED,

*Defendants-Appellees.*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
Case No. 4:22-cv-00974

---

**RECORD EXCERPTS OF APPELLANTS**

---

Chris Baker
Baker Curtis & Schwartz, PC
1 California Street, Suite 1250
San Francisco, CA 94111
(415) 433-1064

John S. Edwards, Jr.
Ajamie LLP
711 Louisiana Street, Suite 2150
Houston TX 77002
(713) 860-1619

David F. Crutcher
Law Office of David F. Crutcher
790 Mission Street
San Rafael, CA  94901
(415) 254-3143

**Attorneys for Appellants
D.L. Markham, DDS, MSD, Inc.
401(k) Plan and D.L. Markham,
DDS, MSD, Inc., as plan
administrator**

# **TABLE OF CONTENTS**

| **Tab No.** | **Name of document** | **ROA** |
|:---:|:---|:---:|
| 1. | Original Court docket sheets | ROA.1-12 |
| 2. | Notice of appeal, dated 10/12/22 | ROA.1340-1342 |
| 3. | Memorandum Opinion and Order being appealed, dated 10/5/22 | ROA.1304-1333 |
| 4. | Final Judgment, dated 10/5/22 | ROA.1334 |

TAB 1

APPEAL,CLOSED

# U.S. District Court
# SOUTHERN DISTRICT OF TEXAS (Houston)
# CIVIL DOCKET FOR CASE #: 4:22-cv-00974
# Internal Use Only

D.L. Markham, DDS, 401(K) Plan v. Variable Annuity Life Ins. Co., et al.,
Assigned to: Judge Sim Lake
 Case in other court:  California Eastern, 2:21-cv-00007
Cause: 29:1132 E.R.I.S.A.-Employee Benefits

Date Filed: 03/25/2022
Date Terminated: 10/05/2022
Jury Demand: None
Nature of Suit: 791 Labor: E.R.I.S.A.
Jurisdiction: Federal Question

**Plaintiff**

| **D.L. Markham, DDS, MSD, Inc. 401(K) Plan** | represented by | **Adam Kmett** |
|---|---|---|

represented by **Adam Kmett**
Baker Curtis & Schwartz, P.C.
1 California Street
Suite 1250
San Francisco, CA 94111
805-915-4764
Fax: 415-366-2525
Email: akmett@bakerlp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher D Baker**
Baker Curtis & Schwartz, P.C.
1 California Street
Suite 1250
San Francisco, CA 94111
415-433-1064
Fax: 415-366-2525
Email: cbaker@bakerlp.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David F. Crutcher**
David F. Crutcher, ESQ.
790 Mission Avenue
San Rafael, CA 94901
415-419-5120
Fax: 415-419-5163
Email: david@crutcherlaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John Saul Edwards , Jr**
Ajamie LLP
Pennzoil Place - South Tower
711 Louisiana, Suite 2150
Houston, TX 77002

(713) 860-1619
Fax: (713) 860-1699
Email: jedwards@ajamie.com
*ATTORNEY TO BE NOTICED*

**Michael Paul Curtis**
Baker Curtis and Schwartz
1 California Street
Suite 1250
San Francisco, CA 94111
805-915-4748
Fax: 415-366-2525
*ATTORNEY TO BE NOTICED*

**Robert Allan Dolinko**
Baker Curtis & Schwartz, P.C.
1 California Street
Suite 1250
San Francisco, CA 94111
415-433-1064
Fax: 415-366-2525
Email: rdolinko@bakerlp.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**D.L. Markham, DDS, MSD, Inc.**          represented by   **Adam Kmett**
*as plan administrator*                                     (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Christopher D Baker**
                                                            (See above for address)
                                                            *PRO HAC VICE*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **David F. Crutcher**
                                                            (See above for address)
                                                            *PRO HAC VICE*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **John Saul Edwards , Jr**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Michael Paul Curtis**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Robert Allan Dolinko**
                                                            (See above for address)
                                                            *PRO HAC VICE*
                                                            *ATTORNEY TO BE NOTICED*

V.

**Defendant**

| | | |
|---|---|---|
| **Variable Annuity Life Insurance Company** | represented by | **David T McDowell** |

**David T McDowell**
McDowell Hetherington LLP
1001 Fannin St
Ste 2400
Houston, TX 77002-6707
713-337-5580
Fax: 713-337-8850
Email: david.mcdowell@mhllp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David T. McDowell , PHV**
McDowell Hetherington LLP
1001 Fannin Street
Houston, TX 77002
713-337-5580
Fax: 713-337-8850
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Elizabeth P. Wroblewski , PHV**
McDowell Hetherington LLP
1001 Fannin St.
Ste 2700
Houston, TX 77002
713-337-5580
Fax: 713-337-8850
Email: elizabeth.wroblewski@mhllp.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Charan M Higbee**
McDowell Hetherington LLP
1999 Harrison Street
Suite 2050
Oakland, CA 94612
510-628-2145
Fax: 510-628-2146
Email: charan.higbee@mhllp.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Valic Financial Advisors Inc** | represented by | **David T McDowell**
(See above for address)
*LEAD ATTORNEY* |

*ATTORNEY TO BE NOTICED*

**David T. McDowell , PHV**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Elizabeth P. Wroblewski , PHV**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Charan M Higbee**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**VALIC Retirement Services Company**
*TERMINATED: 04/15/2022*

represented by   **David T McDowell**
(See above for address)
*TERMINATED: 04/15/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David T. McDowell , PHV**
(See above for address)
*TERMINATED: 04/15/2022*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Elizabeth P. Wroblewski , PHV**
McDowell Hetherington LLP
1001 Fannin St.
Ste 2700
Houston, TX 77002
713-337-5580
Fax: 713-337-8850
*TERMINATED: 04/15/2022*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Charan M Higbee**
(See above for address)
*TERMINATED: 04/15/2022*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/04/2021 | 1 (p.13) | COMPLAINT against All Defendants by D.L. Markham, DDS, MSD, Inc. 401(K) Plan, D.L. Markham, DDS, MSD, Inc., as plan administrator. Attorney Baker, Christopher D. added. (Filing fee $ 402, receipt number 0972-9335280) (Attachments: # 1 (p.13) Civil Cover Sheet)(Baker, Christopher) (Entered: 01/04/2021) |
| 01/04/2021 | 2 (p.26) | CIVIL NEW CASE DOCUMENTS ISSUED; (Attachments: # 1 (p.13) Consent Form, # 2 (p.26) VDRP) (Benson, A.) (Entered: 01/04/2021) |
| 01/04/2021 | 3 (p.39) | SUMMONS ISSUED as to *The Variable Annuity Life Insurance Company (VALIC), VALIC Financial Advisors, Inc., VALIC Retirement Services Company* with answer to complaint due within *21* days. Attorney *Christopher D. Baker* *Baker Curtis & Schwartz, P.C.* *1 California St., Suite 1250* *San Francisco, CA 94111*. (Benson, A.) (Entered: 01/04/2021) |
| 01/06/2021 | 4 (p.42) | SUMMONS RETURNED EXECUTED: The Variable Annuity Life Insurance Company (VALIC) served on 1/5/2021, answer due 1/26/2021. (Baker, Christopher) (Entered: 01/06/2021) |
| 01/06/2021 | 5 (p.44) | SUMMONS RETURNED EXECUTED: VALIC Financial Advisors, Inc. served on 1/5/2021, answer due 1/26/2021. (Baker, Christopher) (Entered: 01/06/2021) |
| 01/06/2021 | 6 (p.46) | SUMMONS RETURNED EXECUTED: VALIC Retirement Services Company served on 1/5/2021, answer due 1/26/2021. (Baker, Christopher) (Entered: 01/06/2021) |
| 01/19/2021 | 7 (p.48) | NOTICE OF INTERESTED PARTIES by All Plaintiffs. (Baker, Christopher) (Entered: 01/19/2021) |
| 01/25/2021 | 8 (p.50) | STIPULATION to Extend Time to Respond to Complaint 1 (p.13) by The Variable Annuity Life Insurance Company, VALIC Financial Advisors, Inc., VALIC Retirement Services Company. Attorney Higbee, Charan M. added. (Higbee, Charan) Modified on 1/29/2021 (Reader, L). (Entered: 01/25/2021) |
| 02/02/2021 | 9 (p.53) | NOTICE OF INTERESTED PARTIES by VALIC Financial Advisors, Inc., VALIC Retirement Services Company, Variable Annuity Life Insurance Company. (Higbee, Charan) (Entered: 02/02/2021) |
| 02/03/2021 | 10 (p.55) | JOINT STATEMENT of Identifying Type of Case: ERISA and Putative Class Action filed by Defendants VALIC Financial Advisors, Inc., VALIC Retirement Services Company, Variable Annuity Life Insurance Company. (Higbee, Charan) (Entered: 02/03/2021) |
| 02/05/2021 | 11 (p.58) | PRO HAC VICE APPLICATION and PROPOSED ORDER submitted by All Defendants for attorney David T. McDowell to appear Pro Hac Vice. (Filing fee $ 225, receipt number 0972-9401609) (Attachments: # 1 (p.13) Certificate of Good Standing)(Higbee, Charan) Modified on 2/8/2021 (Huang, H). (Entered: 02/05/2021) |
| 02/08/2021 | 12 (p.64) | PRO HAC VICE ORDER signed by District Judge Troy L. Nunley on 2/5/2021 ADDING attorney David T. McDowell, PHV for all Defendants. (Huang, H) (Entered: 02/08/2021) |
| 02/08/2021 | 13 | MINUTE ORDER issued by Courtroom Deputy M. Krueger for District Judge Troy L. Nunley on 2/8/2021: The Court has read and considered the parties' joint statement identifying this case as an ERISA and putative class action. (ECF No. 10 |

| | | |
|---|---|---|
| | | (p.55) .) Accordingly, the parties are ordered to submit a proposed amended scheduling order setting forth proposed deadlines for discovery, class certification, and any other relevant dates for this matter within seven (7) days of this Order. (Text Only Entry) (Krueger, M) (Entered: 02/08/2021) |
| 02/16/2021 | 14 (p.68) | PROPOSED ORDER re Joint Proposed Amended Scheduling Order re Minute Order (ECF No. 13) , by D.L. Markham, DDS, MSD, Inc., D.L. Markham, DDS, MSD, Inc. 401(K) Plan. (Curtis, Michael) Modified on 2/17/2021 (Kastilahn, A). (Entered: 02/16/2021) |
| 02/17/2021 | 15 (p.72) | AMENDED SCHEDULING ORDER signed by District Judge Troy L. Nunley on 2/17/2021 pursuant to 2/8/2021 Minute Order. (Tupolo, A) (Entered: 02/17/2021) |
| 02/17/2021 | 16 (p.76) | SECOND STIPULATION and PROPOSED ORDER for Extending Time for Defendants to Respond to Plaintiffs' Complaint by VALIC Financial Advisors, Inc., VALIC Retirement Services Company, Variable Annuity Life Insurance Company. (Higbee, Charan) Modified on 2/18/2021 (Kastilahn, A). (Entered: 02/17/2021) |
| 02/18/2021 | 17 (p.79) | STIPULATION and ORDER signed by District Judge Troy L. Nunley on 2/17/2021 ORDERING that the VALIC Defendants shall have a second extension to and including 3/1/2021 to answer or otherwise respond to 1 (p.13) Complaint. (Huang, H) (Entered: 02/18/2021) |
| 03/01/2021 | 18 (p.82) | MOTION to CHANGE VENUE by VALIC Financial Advisors, Inc., VALIC Retirement Services Company, Variable Annuity Life Insurance Company. Motion Hearing set for 4/15/2021 at 02:00 PM in Courtroom 2 (TLN) before District Judge Troy L. Nunley. (Attachments: # 1 (p.13) Declaration of Eric Levy, # 2 (p.26) Points and Authorities, # 3 (p.39) Request for Judicial Notice)(Higbee, Charan) Modified on 3/1/2021 (Kaminski, H). (Entered: 03/01/2021) |
| 03/01/2021 | 19 (p.110) | MOTION to DISMISS by VALIC Financial Advisors, Inc., VALIC Retirement Services Company. Motion Hearing set for 4/15/2021 at 02:00 PM in Courtroom 2 (TLN) before District Judge Troy L. Nunley. (Attachments: # 1 (p.13) Points and Authorities, # 2 (p.26) Request for Judicial Notice)(McDowell, David) Modified on 3/1/2021 (Kaminski, H). (Entered: 03/01/2021) |
| 03/01/2021 | 20 (p.127) | MOTION to DISMISS by Variable Annuity Life Insurance Company. Motion Hearing set for 4/15/2021 at 02:00 PM in Courtroom 2 (TLN) before District Judge Troy L. Nunley. (Attachments: # 1 (p.13) Declaration of Eric Levy, # 2 (p.26) Points and Authorities)(McDowell, David) Modified on 3/2/2021 (Kaminski, H). (Entered: 03/01/2021) |
| 03/26/2021 | 21 | [DISREGARD - FILED IN ERROR] INITIAL DISCLOSURES pursuant to FRCP 26(a)(1) by VALIC Financial Advisors, Inc., VALIC Retirement Services Company, Variable Annuity Life Insurance Company. (Higbee, Charan) Modified on 3/26/2021 (Benson, A.). (Entered: 03/26/2021) |
| 04/01/2021 | 22 (p.212) | OPPOSITION by D.L. Markham, DDS, MSD, Inc., D.L. Markham, DDS, MSD, Inc. 401(K) Plan to 18 (p.82) Motion to Change Venue. (Attachments: # 1 (p.13) Declaration of Dr. Markham, # 2 (p.26) Declaration of Mike Curtis)(Curtis, Michael) (Entered: 04/01/2021) |
| 04/01/2021 | 23 (p.266) | OPPOSITION by D.L. Markham, DDS, MSD, Inc., D.L. Markham, DDS, MSD, Inc. 401(K) Plan to 20 (p.127) Motion to Dismiss. (Attachments: # 1 (p.13) Request for Judicial Notice)(Curtis, Michael) (Entered: 04/01/2021) |

| | | |
|---|---|---|
| 04/01/2021 | <u>24</u> <br> (p.315) | OPPOSITION by D.L. Markham, DDS, MSD, Inc., D.L. Markham, DDS, MSD, Inc. 401(K) Plan to <u>19 (p.110)</u> Motion to Dismiss. (Crutcher, David) (Entered: 04/01/2021) |
| 04/02/2021 | 25 | MINUTE ORDER issued by Courtroom Deputy M. Krueger for District Judge Troy L. Nunley on 4/2/2021: On the Court's own motion, Defendants' Motion to Change Venue and Motions to Dismiss (ECF Nos. <u>18 (p.82)</u> , <u>19 (p.110)</u> and <u>20 (p.127)</u> ) are hereby SUBMITTED without oral argument. Accordingly, the hearing set for 4/15/2021 is VACATED. If the Court determines oral argument is necessary, it will be scheduled at a later date. Defendants may still file a reply briefs in accordance with Local Rule 230(d) and the 4/15/2021 date. (TEXT ONLY ENTRY) (Krueger, M) (Entered: 04/02/2021) |
| 04/08/2021 | <u>26</u> <br> (p.327) | REPLY by VALIC Financial Advisors, Inc., VALIC Retirement Services Company, Variable Annuity Life Insurance Company re <u>22 (p.212)</u> Opposition to Motion. (Attachments: # <u>1 (p.13)</u> Declaration of Charan M. Higbee, # <u>2 (p.26)</u> Exhibit A)(Higbee, Charan) (Entered: 04/08/2021) |
| 04/08/2021 | <u>27</u> <br> (p.344) | REPLY by VALIC Financial Advisors, Inc., VALIC Retirement Services Company, Variable Annuity Life Insurance Company re <u>23 (p.266)</u> Opposition to Motion. (McDowell, David) (Entered: 04/08/2021) |
| 04/08/2021 | <u>28</u> <br> (p.356) | REPLY by VALIC Financial Advisors, Inc., VALIC Retirement Services Company, Variable Annuity Life Insurance Company re <u>24 (p.315)</u> Opposition to Motion. (McDowell, David) (Entered: 04/08/2021) |
| 02/04/2022 | <u>29</u> <br> (p.363) | MOTION for PROTECTIVE ORDER to Stay Discovery by VALIC Financial Advisors, Inc., VALIC Retirement Services Company, Variable Annuity Life Insurance Company. Motion Hearing set for 2/15/2022 at 09:00 AM in Courtroom 25 (KJN) before Magistrate Judge Kendall J. Newman. (Attachments: # <u>1 (p.13)</u> Joint Statement, # <u>2 (p.26)</u> Declaration of Eric Levy)(McDowell, David) (Entered: 02/04/2022) |
| 02/04/2022 | <u>30</u> <br> (p.385) | DECLARATION of Michael Curtis in opposition to <u>29 (p.363)</u> Motion for Protective Order. (Curtis, Michael) (Entered: 02/04/2022) |
| 02/15/2022 | 31 | MINUTES (Text Only) for proceedings held via video conference (Zoom) before Magistrate Judge Kendall J. Newman: MOTION HEARING held on 2/15/2022. Counsel for parties present. The Court addressed the parties regarding the Defendants' Motion for Protective Order to Stay Discovery (ECF No. <u>29 (p.363)</u> ). After hearing from parties and for reasons stated on the record, the motion was submitted. Order to issue. Plaintiffs' Counsel Michael Curtis and David Crutcher present. Defendants' Counsel Charan Higbee, David McDowell, and Elizabeth Wroblewski (observing) present. Court Reporter: Kimberly Bennett. (Waldrop, A) (Entered: 02/15/2022) |
| 02/16/2022 | <u>32</u> <br> (p.411) | ORDER signed by Magistrate Judge Kendall J. Newman on 2/15/2022 GRANTING <u>29 (p.363)</u> Motion for Protective Order. The parties shall continue discussing their discovery obligations in case the district judge finds some of plaintiffs' claims can move forward, with or without amendment, and after the district judge has ruled on the motions to dismiss, the parties shall file a brief joint statement with the KJN indicating their position. (Reader, L) (Entered: 02/16/2022) |
| 02/16/2022 | <u>33</u> <br> (p.414) | PRO HAC VICE APPLICATION and PROPOSED ORDER submitted by VALIC Financial Advisors, Inc., VALIC Retirement Services Company, Variable Annuity Life Insurance Company for attorney Elizabeth Wroblewski to appear Pro Hac Vice. |

| | | |
|---|---|---|
| | | (Filing fee $ 225, receipt number ACAEDC-10080224) (Attachments: # 1 (p.13) Exhibit Certificate of Good Standing)(Higbee, Charan) (Entered: 02/16/2022) |
| 02/18/2022 | 34 (p.417) | PRO HAC VICE ORDER signed by District Judge Troy L. Nunley on 2/17/22 GRANTING 33 (p.414) Application for Pro Hac Vice. Added Attorney Elizabeth P. Wroblewski, PHV for VALIC Financial Advisors, Inc., VALIC Retirement Services Company and Variable Annuity Life Insurance Company. The Pro Hac Vice attorney is directed to request electronic filing access through PACER. (Kastilahn, A) (Entered: 02/18/2022) |
| 03/17/2022 | 35 (p.419) | NOTICE of CHANGE of ADDRESS by Charan M. Higbee. (Higbee, Charan) (Entered: 03/17/2022) |
| 03/25/2022 | 36 (p.421) | ORDER signed by District Judge Troy L. Nunley on 3/24/2022 GRANTING 18 (p.82) Motion to Transfer Venue and DENYING as moot 19 (p.110) , 20 (p.127) Motions to Dismiss. The Court hereby TRANSFERS the instant action to the U.S. District Court for the Southern District of Texas. CASE TRANSFERRED. (Huang, H) (Entered: 03/25/2022) |
| 03/25/2022 | 37 (p.438) | Case transferred in from California Eastern. Case Number 2:21-cv-00007; certified copy of transfer order, certified docket sheet, and transfer letter received (Entered: 03/25/2022) |
| 04/04/2022 | 38 (p.444) | Unopposed MOTION for Extension of Time To Set Briefing Schedule by Variable Annuity Life Insurance Company, filed. Motion Docket Date 4/25/2022. (Attachments: # 1 (p.13) Proposed Order)(McDowell, David) (Entered: 04/04/2022) |
| 04/04/2022 | 39 (p.448) | ORDER GRANTING 38 (p.444) Unopposed MOTION for Extension of Time To Set Briefing Schedule. Deadline for defendants to file responsive pleadings 4/22/2022. Deadline for plaintiffs to respond to responsive pleadings 5/23/2022. Deadline for defendants to file reply in support of responsive pleadings 6/6/2022.(Signed by Judge Sim Lake) Parties notified.(rkonieczny, 4) (Entered: 04/04/2022) |
| 04/04/2022 | 40 (p.449) | ORDER for Initial Pretrial and Scheduling Conference and Order to Disclose Interested Persons. Initial Conference set for 7/29/2022 at 02:00 PM in Courtroom 9B before Judge Sim Lake. (Signed by Judge Sim Lake) Parties notified.(sanderson, 4) (Entered: 04/04/2022) |
| 04/07/2022 | 41 (p.454) | CERTIFICATE OF INTERESTED PARTIES by VALIC Retirement Services Company, Valic Financial Advisors Inc, Variable Annuity Life Insurance Company, filed.(McDowell, David) (Entered: 04/07/2022) |
| 04/08/2022 | 42 (p.457) | MOTION for Charan M. Higbee to Appear Pro Hac Vice by VALIC Retirement Services Company, Valic Financial Advisors Inc, Variable Annuity Life Insurance Company, filed. Motion Docket Date 4/29/2022. (Higbee, Charan) (Entered: 04/08/2022) |
| 04/11/2022 | 43 (p.459) | ORDER - Granting 42 (p.457) Motion for Charan M. Higbee to Appear Pro Hac Vice for VALIC Retirement Services Company, Valic Financial Advisors Inc, Variable Annuity Life Insurance Company. (Signed by Judge Sim Lake) Parties notified.(sanderson, 4) (Entered: 04/11/2022) |
| 04/11/2022 | 44 (p.460) | MOTION for Chris D. Baker to Appear Pro Hac Vice by D.L. Markham, DDS, MSD, Inc., D.L. Markham, DDS, MSD, Inc. 401(K) Plan, filed. Motion Docket Date 5/2/2022. (Baker, Christopher) (Entered: 04/11/2022) |

| | | |
|---|---|---|
| 04/11/2022 | 45 (p.461) | MOTION for Robert A. Dolinko to Appear Pro Hac Vice by D.L. Markham, DDS, MSD, Inc., D.L. Markham, DDS, MSD, Inc. 401(K) Plan, filed. Motion Docket Date 5/2/2022. (Dolinko, Robert) (Entered: 04/11/2022) |
| 04/12/2022 | 46 (p.462) | MOTION for David F. Crutcher to Appear Pro Hac Vice by D.L. Markham, DDS, MSD, Inc., D.L. Markham, DDS, MSD, Inc. 401(K) Plan, filed. Motion Docket Date 5/3/2022. (Crutcher, David) (Entered: 04/12/2022) |
| 04/12/2022 | 47 (p.463) | ORDER - Granting 44 (p.460) Motion for Chris D. Baker to Appear Pro Hac Vice for D.L. Markham, DDS, MSD, Inc., D.L. Markham, DDS, MSD, Inc. 401(K) Plan. (Signed by Judge Sim Lake) Parties notified.(sanderson, 4) (Entered: 04/12/2022) |
| 04/12/2022 | 48 (p.464) | ORDER - Granting 45 (p.461) Motion for Robert A. Dolinko to Appear Pro Hac Vice for D.L. Markham, DDS, MSD, Inc., D.L. Markham, DDS, MSD, Inc. 401(K) Plan. (Signed by Judge Sim Lake) Parties notified.(sanderson, 4) (Entered: 04/12/2022) |
| 04/12/2022 | 49 (p.465) | ORDER - Granting 46 (p.462) Motion for David F. Crutcher to Appear Pro Hac Vice for D.L. Markham, DDS, MSD, Inc., D.L. Markham, DDS, MSD, Inc. 401(K) Plan. (Signed by Judge Sim Lake) Parties notified.(sanderson, 4) (Entered: 04/12/2022) |
| 04/14/2022 | 50 (p.466) | Agreed MOTION to Dismiss *VRSCO* by Variable Annuity Life Insurance Company, filed. Motion Docket Date 5/5/2022. (Attachments: # 1 (p.13) Proposed Order)(McDowell, David) (Entered: 04/14/2022) |
| 04/15/2022 | 51 (p.470) | ORDER - Granting 50 (p.466) Agreed MOTION to Dismiss *VRSCO*. ORDERED that Defendant VALIC Retirement Services Company is DISMISSED from the Complaint and this lawsuit without prejudice; that Count II of the Complaint is DISMISSED as to defendant VALIC FINANCIAL ADVISORS, Inc. without prejudice; and that all parties shall bear their own costs and fees with respect to this agreed dismissal...*** VALIC Retirement Services Company terminated, Attorney David T. McDowell, PHV; Elizabeth P. Wroblewski, PHV; Charan M Higbee and David T McDowell terminated(Signed by Judge Sim Lake) Parties notified.(sanderson, 4) (Entered: 04/15/2022) |
| 04/15/2022 | 52 (p.471) | MOTION for Adam Kmett to Appear Pro Hac Vice by D.L. Markham, DDS, MSD, Inc., D.L. Markham, DDS, MSD, Inc. 401(K) Plan, filed. Motion Docket Date 5/6/2022. (Kmett, Adam) (Entered: 04/15/2022) |
| 04/18/2022 | 53 (p.472) | ORDER - Granting 52 (p.471) Motion for Adam Kmett to Appear Pro Hac Vice for D.L. Markham, DDS, MSD, Inc., D.L. Markham, DDS, MSD, Inc. 401(K) Plan. (Signed by Judge Sim Lake) Parties notified.(sanderson, 4) (Entered: 04/18/2022) |
| 04/18/2022 | 54 (p.473) | CERTIFICATE OF INTERESTED PARTIES by D.L. Markham, DDS, MSD, Inc., D.L. Markham, DDS, MSD, Inc. 401(K) Plan, filed.(Baker, Christopher) (Entered: 04/18/2022) |
| 04/22/2022 | 55 (p.477) | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Variable Annuity Life Insurance Company, filed. Motion Docket Date 5/13/2022. (Attachments: # 1 (p.13) Exhibit 1, # 2 (p.26) Exhibit 2)(McDowell, David) (Entered: 04/22/2022) |
| 04/22/2022 | 56 (p.639) | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Valic Financial Advisors Inc, filed. Motion Docket Date 5/13/2022. (Attachments: # 1 (p.13) Exhibit 1)(McDowell, David) (Entered: 04/22/2022) |

| 05/09/2022 | 57 (p.700) | Mail Returned Undeliverable as to attorney Michael Paul Curtis as to D.L. Markham, DDS, MSD, Inc. re: 48 (p.464) Order on Motion to Appear Pro Hac Vice, filed. (RochelleLimon, 2) (Entered: 05/09/2022) |
| --- | --- | --- |
| 05/23/2022 | 58 (p.702) | RESPONSE in Opposition to 55 (p.477) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , filed by D.L. Markham, DDS, MSD, Inc., D.L. Markham, DDS, MSD, Inc. 401(K) Plan. (Attachments: # 1 (p.13) Exhibit Exh. 1: Westlaw Cases per Court Procedure No. 5(I), # 2 (p.26) Unredacted attachment Request for Judicial Notice in Support of Opposition, # 3 (p.39) Proposed Order Denying VALIC's Motion to Dismiss and Motion to Strike)(Baker, Christopher) (Entered: 05/23/2022) |
| 05/23/2022 | 59 (p.921) | RESPONSE in Opposition to 56 (p.639) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , filed by D.L. Markham, DDS, MSD, Inc., D.L. Markham, DDS, MSD, Inc. 401(K) Plan. (Attachments: # 1 (p.13) Exhibit Exh. 1: Westlaw Cases per Court Procedure No. 5(I), # 2 (p.26) Proposed Order Denying VALIC Financial Advisors' Motion to Dismiss)(Baker, Christopher) (Entered: 05/23/2022) |
| 06/06/2022 | 60 (p.1067) | REPLY in Support of 56 (p.639) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , filed by Valic Financial Advisors Inc. (Attachments: # 1 (p.13) Exhibit A, # 2 (p.26) Proposed Order)(McDowell, David) (Entered: 06/06/2022) |
| 06/06/2022 | 61 (p.1131) | REPLY in Support of 55 (p.477) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , filed by Variable Annuity Life Insurance Company. (Attachments: # 1 (p.13) Exhibit A, # 2 (p.26) Proposed Order)(McDowell, David) (Entered: 06/06/2022) |
| 06/27/2022 | 62 (p.1287) | NOTICE of Appearance by John S. "Jack" Edwards on behalf of D.L. Markham, DDS, MSD, Inc., D.L. Markham, DDS, MSD, Inc. 401(K) Plan, filed. (Edwards, John) (Entered: 06/27/2022) |
| 06/28/2022 | 63 (p.1289) | Amended CERTIFICATE OF INTERESTED PARTIES by D.L. Markham, DDS, MSD, Inc., D.L. Markham, DDS, MSD, Inc. 401(K) Plan, filed.(Edwards, John) (Entered: 06/28/2022) |
| 07/15/2022 | 64 (p.1293) | REPORT of Rule 26(f) Planning Meeting by D.L. Markham, DDS, MSD, Inc., D.L. Markham, DDS, MSD, Inc. 401(K) Plan, filed.(Baker, Christopher) (Entered: 07/15/2022) |
| 07/18/2022 | 65 (p.1303) | ORDER - Pending the court's ruling on Defendant Annuity Life Insurance Company's 55 (p.477) Motion to Dismiss and/or Motion to Strike, and Defendant V ALIC Financial Advisors, Inc.'s 56 (p.639) Motion to Dismiss, all discovery in this action is STAYED. The July 29, 2022, Initial Pretrial and Scheduling Conference is CANCELED...*** STAYED flag set. (Signed by Judge Sim Lake) Parties notified.(sanderson, 4) (Entered: 07/18/2022) |
| 10/05/2022 | 66 (p.1304) | MEMORANDUM OPINION AND ORDER - For the reasons explained, the court concludes that Plaintiffs' ERISA §§ 1104(a) and 1106(a) claims fail as a matter of law. Plaintiffs' request for leave to amend (found at p. 32 of The Markham Plaintiffs' Opposition to Defendant VALIC' s Motion to Dismiss and/or Motion to Strike, Docket Entry No. 58) is DENIED. Defendant The Variable Annuity Life Insurance Company's 55 (p.477) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM is GRANTED; and Defendant VALIC Financial Advisors, Inc.'s 56 (p.639) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM is DENIED AS MOOT. (Signed by Judge Sim Lake) Parties notified.(sanderson, 4) (Entered: 10/05/2022) |

| | | |
|---|---|---|
| 10/05/2022 | 67 (p.1334) | FINAL JUDGMENT - In accordance with the court's Memorandum Opinion and Order granting VALIC's Motion to Dismiss, this action is DISMISSED WITH PREJUDICE. Costs will be taxed against the plaintiffs...*** Case terminated on 10/5/22..*** STAYED flag cleared. (Signed by Judge Sim Lake) Parties notified.(sanderson, 4) (Entered: 10/05/2022) |
| 10/11/2022 | 68 (p.1335) | NOTICE OF APPEAL to US Court of Appeals for the Fifth Circuit re: 67 (p.1334) Final Judgment,, Set/Clear Flags, by D.L. Markham, DDS, MSD, Inc., D.L. Markham, DDS, MSD, Inc. 401(K) Plan (Filing fee $ 505, receipt number ATXSDC-28905788), filed.(Baker, Christopher) (Entered: 10/11/2022) |
| 10/12/2022 | 69 (p.1338) | Clerks Notice of Filing of an Appeal. The following Notice of Appeal and related motions are pending in the District Court: 68 (p.1335) Notice of Appeal,. Fee status: Paid. Reporter(s): K. Bennett, filed. (Attachments: # 1 (p.13) Notice of Appeal) (SaraCelis, 1) (Entered: 10/12/2022) |
| 10/12/2022 | | Appeal Review Notes re: 68 (p.1335) Notice of Appeal,. Fee status: Paid. The appeal filing fee has been paid. Hearings were held in the case. DKT13 transcript order form(s) due within 14 days of the filing of the notice of appeal. Number of DKT-13 Forms expected: 1, filed.(SaraCelis, 1) (Entered: 10/12/2022) |
| 10/17/2022 | | Notice of Assignment of USCA No. 22-20540 re: 68 (p.1335) Notice of Appeal,, filed.(SaraCelis, 1) (Entered: 10/17/2022) |
| 10/18/2022 | 70 (p.1343) | DKT13 TRANSCRIPT ORDER REQUEST by Plaintiffs. This is to order a transcript of Hearing on Defendants' Motion for Protective Order to Stay Discovery, 02/15/2022, Magistrate Judge Kendall J. Newman. Court Reporter/Transcriber: Contract Court Reporter. This order form relates to the following: 31 Motion Hearing,,, filed. (Edwards, John) (Entered: 10/18/2022) |
| 10/19/2022 | 71 (p.1344) | BILL OF COSTS in total amount $450.00 by Valic Financial Advisors Inc, Variable Annuity Life Insurance Company, filed.(McDowell, David) (Entered: 10/19/2022) |
| 10/19/2022 | 72 (p.1349) | SUPPLEMENT to 71 (p.1344) Bill of Costs by Valic Financial Advisors Inc, Variable Annuity Life Insurance Company, filed.(McDowell, David) (Entered: 10/19/2022) |
| 11/04/2022 | | Costs Taxed in the amount of $ 450.00 re: 71 (p.1344) Bill of Costs, filed. (DarleneHansen, 4) (Entered: 11/04/2022) |
| 11/14/2022 | 73 (p.1360) | USCA LETTER for the Fifth Circuit advising court reporter Kimberly Bennett the transcript must be filed with the District Court Clerk within 30 days from the date the USCA received the purchase order (USCA No. 22-20540), filed.(JenniferLongoria, 1) (Entered: 11/14/2022) |
| 11/30/2022 | 74 (p.1364) | TRANSCRIPT re: Motion Hearing held on 2/15/2022 before the Honorable Kendall J. Newman, Magistrate Judge Court Reporter Kimberly M. Bennett., filed. (sanderson, 4) (Entered: 11/30/2022) |
| 12/01/2022 | 75 (p.1363) | Notice of Filing of Official Transcript as to 74 (p.1364) Transcript. Party notified, filed. (HeatherCarr, 4) (Entered: 12/01/2022) |
| 12/02/2022 | | Appeal Review Notes re: 68 (p.1335) Notice of Appeal. 45 day review - Fee status: Paid. Transcript has been filed. (SaraCelis, 1) (Entered: 12/02/2022) |
| 12/02/2022 | | (Court only) Set/Cleared Flags. Appeal_Nat flag cleared. (SaraCelis, 1) (Entered: 12/02/2022) |

| 12/02/2022 | | (Court only) ***(PRIVATE ENTRY) EROA requested by the Fifth Circuit. Due on 12/16/2022 [22-20540] (DLJ), filed. (SaraCelis, 1) (Entered: 12/02/2022) |
|---|---|---|

TAB 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **D.L. MARKHAM DDS, MSD, INC. 401(K) PLAN; and D.L. MARKHAM DDS, MSD, INC., as plan administrator;** | § § § § | |
| **Plaintiffs,** | § § | **Case No. 4:22-cv-00974** |
| **v.** | § § | |
| **THE VARIABLE ANNUITY LIFE INSURANCE COMPANY; VALIC FINANCIAL ADVISORS, INC.; VALIC RETIREMENT SERVICES COMPANY; and 2929 Allen Parkway, Houston, Texas, 77019;** | § § § § § § § | |
| **Defendants.** | § § | |

## PLAINTIFFS' NOTICE OF APPEAL

Notice is hereby given that Plaintiffs D.L. Markham DDS, MDS, INC. 401(K) Plan and D.L. Markham DDS, MDS, Inc. ("Plaintiffs") appeal to the United States Court of Appeals for the Fifth Circuit from: (1) the Memorandum Opinion and Order dated October 5, 2022 (ECF No. 66), which granted the motion to dismiss filed by Defendant The Variable Annuity Life Insurance Company, denied as moot the motion to dismiss filed by Defendant VALIC Financial Advisors, Inc., and denied Plaintiffs' request for leave to amend; (2) the Final Judgment dated October 5, 2022 (ECF No. 67), which dismissed the case with prejudice; and (3) all other orders and rulings merged or referenced therein and each and every part thereof. Plaintiffs file this appeal against all Defendants.

22-20540.1340

Dated: October 11, 2022                    Respectfully Submitted,

**BAKER CURTIS & SCHWARTZ, P.C.**


_/s/ Chris Baker_____
Chris Baker*
Cal. Bar No. 181557
1 California Street, Suite 1250
San Francisco, California 94111
Telephone:  (415) 433-1064
Facsimile:  (415) 366-2525
cbaker@bakerlp.com

Robert Dolinko**
Cal. Bar No. 76256
rdolinko@bakerlp.com

Adam Kmett**
Cal. Bar No. 329597
akmett@bakerlp.com

Baker Curtis & Schwartz, P.C.
1 California Street, Suite 1250
San Francisco, California 94111
Telephone:  (415) 433-1064
Facsimile:  (415) 366-2525

David Crutcher**
Cal. Bar No. 135407
790 Mission Avenue
San Rafael, CA 94901
david@crutcherlaw.com

John S. "Jack" Edwards, Jr.
Texas Bar No. 24040851
S.D. Tex. No. 38095
Pennzoil Place – South Tower
711 Louisiana, Suite 2150
Houston, TX 77002
Telephone: (713) 860-1600
Facsimile: (713) 860-1699
jedwards@ajamie.com

*Attorney-in-charge and admitted pro hac vice
**Admitted pro hac vice

**ATTORNEYS FOR PLAINTIFFS**

-4-

### <u>CERTIFICATE OF SERVICE</u>

     I certify that on October 11, 2022, a true and correct copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

                          */s/ Chris Baker*
                           Chris Baker

22-20540.1342

TAB 3

United States District Court
Southern District of Texas
**ENTERED**
October 05, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| D.L. MARKHAM, DDS, MSD, INC., | § | |
| 401(K) PLAN and D.L. MARKHAM, | § | |
| DDS, MSD, INC., as plan | § | |
| administrator, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-22-0974 |
| | § | |
| THE VARIABLE ANNUITY LIFE | § | |
| INSURANCE COMPANY, VALIC | § | |
| FINANCIAL ADVISORS, INC., and | § | |
| VALIC RETIREMENT SERVICES | § | |
| COMPANY, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, the D.L. Markham, DDS, MSD, Inc. 401(k) Plan
("Markham Plan" or "the Plan") and D.L. Markham, DDS, MSD, Inc.
("Markham") (collectively, "Plaintiffs"), filed this action in the
United States District Court for the Eastern District of
California, against defendants The Variable Annuity Life Insurance
Company ("VALIC"), VALIC Financial Advisors, Inc. ("VALIC
Financial"), and VALIC Retirement Services Company ("VALIC
Retirement") (collectively, "Defendants") on January 4, 2021.[1]
Plaintiffs challenge a surrender fee that VALIC assessed against
the Plan's assets.  Plaintiffs seek recovery of the fee under the

---

[1]Class Action Complaint ("Complaint"), Docket Entry No. 1,
p. 1.  For purposes of identification all page numbers reference
the pagination imprinted at the top of the page by the court's
Electronic Case Filing ("ECF") system.

Employee Retirement Income Security Act ("ERISA").[2]  Plaintiffs also seek to represent the class of similarly situated persons whose contracts authorized VALIC to collect a surrender fee.[3] Pending before the court are the Motion to Dismiss and/or Motion to Strike of Defendant The Variable Annuity Life Insurance Company (the "VALIC MTD" or "VALIC Motion to Dismiss") (Docket Entry No. 55)[4] and the Motion to Dismiss of Defendant VALIC Financial Advisors, Inc. ("VALIC Financial MTD" or "VALIC Financial Motion to Dismiss") (Docket Entry No. 56).  For the reasons set forth below, the VALIC Motion to Dismiss will be granted.  Because the court will dismiss the Complaint as to all defendants based on the VALIC Motion to Dismiss, the VALIC Financial Motion to Dismiss will be denied as moot.

### I.  <u>Factual Allegations and Procedural Background</u>

Markham is a dental practice located in Auburn, California.[5] The Markham Plan is an employee pension benefit plan within the meaning of ERISA.[6]  Markham, the Plan's sponsor, established the Plan on January 1, 2017, to provide pension benefits to its

---

[2]<u>Id.</u> at 9-10.

[3]<u>Id.</u> at 6-9.

[4]Although the VALIC MTD was filed by VALIC, it asserts that the arguments apply equally to both remaining defendants, VALIC and VALIC Financial.  VALIC's MTD, Docket Entry No. 55, p. 7 n.1.

[5]Complaint, Docket Entry No. 1, p. 2.

[6]<u>Id.</u>; VALIC's MTD, Docket Entry No. 55, p. 10; 29 U.S.C. § 1002(2)(A).

22-20540.1305

employees.[7]   Markham is also the Plan's "administrator" and the
Plan's "named fiduciary" as those terms are defined in ERISA.[8]
VALIC is an insurance company that offers tax-qualified retirement
plans.[9]  VALIC Financial is a subsidiary of VALIC.[10]

On May 18, 2018, Markham entered an agreement with VALIC to
maintain the Plan on VALIC's retirement platform.[11]   Markham
selected the Portfolio Director Group Fixed and Variable Deferred
Annuity Contract ("the PD Contract") as the Plan's annuity
contract.[12] VALIC's "Annual Administrative Service Fee" was between
$2,500 and $12,000.[13]   The PD Contract also provided for a 5%
surrender charge on transfers out of the contract on amounts
contributed in the previous 60 months.[14]  The PD Contract states
that:

> The surrender charge may be waived or reduced uniformly
> on all Participant Accounts for contracts issued under
> certain plans or arrangements which are expected to
> result in administrative cost savings . . . We may waive
> any withdrawal or surrender charge attributable to

---

[7]Complaint, Docket Entry No. 1, p. 2.

[8]Id.; VALIC MTD, Docket Entry No. 55, p. 10; 29 U.S.C.
§ 1002(16)(A); 29 U.S.C. § 1102(a)(2).

[9]Complaint, Docket Entry No. 1, pp. 2-3.

[10]Id. at 3.

[11]Id.

[12]Id. at 4.

[13]Id. at 3.

[14]Id. at 4.

-3-

22-20540.1306

> Purchase Payments received during specific periods of time, and under conditions and limitations set by Us.[15]

In January of 2020 Markham, dissatisfied with VALIC's investment returns and quality of services, informed VALIC that it intended to terminate the PD Contract and select a new service provider.[16] Markham submitted a request asking VALIC to allow it to withdraw the Plan's assets without triggering a surrender fee.[17] VALIC's Executive Review Committee reviewed the request, and VALIC ultimately informed Markham that it had decided to impose the surrender fee.[18] Markham transferred all Plan assets from VALIC's platform to Markham's new service provider.[19] VALIC retained $20,703 of the assets as a surrender fee, approximately 4.5% of the Plan's assets.[20]

VALIC Financial Statements from 2019 indicate "that it held $3,945,000,000 in group annuities that include a surrender charge of five percent or more."[21] Based on that figure, Plaintiffs estimate that there were over 8,000 persons with VALIC contracts that include a surrender charge.[22]

---

[15] Id. at 4-5.

[16] Id. at 4.

[17] Id. at 5.

[18] Id.

[19] Id.

[20] Id.

[21] Id. at 7

[22] Id.

-4-

On January 4, 2021, Markham and the Plan brought this action

in the Eastern District of California against VALIC, VALIC

Financial, and VALIC Retirement.[23]   Plaintiffs allege that

collecting the surrender fee was a breach of VALIC's fiduciary duty

to the Plan under ERISA § 1104(a) and that the PD Contract's term

authorizing the surrender fee made the PD Contract a prohibited

transaction within the meaning of ERISA § 1106(a).[24]   Plaintiffs

seek to represent a class of similarly situated persons, described

in the Complaint as:

> All ERISA covered plan administrators/plans that entered
> an agreement with VALIC in which VALIC had discretion to
> impose a surrender charge on outgoing transfers and which
> paid VALIC a fee of any kind since January 4, 2018.[25]

Plaintiffs also seek to represent a "Self-Dealing Subclass,"

defined as:

> All ERISA covered plan administrators/plans that entered
> an agreement with VALIC in which VALIC imposed the
> surrender charge on outgoing transfers since January 4,
> 2018.[26]

Plaintiffs seek an accounting by VALIC and disgorgement of "all

losses caused to Class Members' plans — including all fees retained

— as a result of their knowing participation in a prohibited

transaction" and restoration of "all losses caused to the Subclass

---

[23]Id. at 1-3.

[24]Id. at 9-10.

[25]Id. at 6.

[26]Id. at 6-7.

22-20540.1308

Members' plans as a result of their self-dealing prohibited transaction as a fiduciary in imposing the surrender fee."[27] Plaintiffs also seek attorneys' fees.[28]

On March 25, 2022, the United Stated District Court for the Eastern District of California transferred the case to this court under 28 U.S.C. § 1404(a).[29] VALIC filed its Motion to Dismiss on April 22, 2022.[30] VALIC argues that both counts fail to state a legally cognizable claim.[31] Regarding Markham's fiduciary breach claim under ERISA § 1104(a), Markham argues that it is not a fiduciary act to collect predetermined fees that are stated in the contract, and therefore it could not be a fiduciary breach to do so.[32] As to the prohibited transaction claim, VALIC argues that ERISA's prohibited transaction provision only applies to transactions with a "party in interest" and that VALIC does not meet the party-in-interest definition.[33] In the alternative, VALIC requests that the court strike portions of the class action allegations regarding administrative fees.[34] On May 23, 2022, the

---

[27]Id. at 10.

[28]Id. at 11.

[29]Order, Docket Entry No. 36, p. 17.

[30]VALIC MTD, Docket Entry No. 55, p. 1.

[31]Id. at 7-8.

[32]Id. at 17, 22.

[33]Id. at 22.

[34]Id. at 28-29.

22-20540.1309

Plaintiffs filed The Markham Plaintiffs' Opposition to Defendant VALIC's Motion to Dismiss and/or Motion to Strike ("Plaintiffs' Response") (Docket Entry No. 58). On June 6, 2022, VALIC filed its Reply in Support of Motion to Dismiss and/or Motion to Strike of Defendant The Variable Annuity Life Insurance Company ("VALIC's Reply") (Docket Entry No. 61).

On April 22, 2022, VALIC Financial filed its separate Motion to Dismiss of Defendant VALIC Financial Advisors, Inc. requesting that the Complaint be dismissed as to it.[35] VALIC Financial argues that Plaintiffs cannot state a legally cognizable claim against it because it was not a party to the PD Contract, never provided services to Plaintiffs, and never received fees from Plaintiffs.[36] On May 23, 2022, Plaintiffs filed The Markham Plaintiffs' Opposition to Defendant VALIC Financial Advisors' Motion to Dismiss ("Plaintiffs' Response to VALIC Financial") (Docket Entry No. 59). On June 6, 2022, VALIC Financial filed Defendant VALIC Financial Advisors, Inc.'s Reply in Support of Motion to Dismiss ("VALIC Financial's Reply") (Docket Entry No. 60).

## II.  Legal Standard

A.  Rule 12(b)(6)

"Rule 12(b)(6) entitles a defendant to seek dismissal if the plaintiff fails 'to state a claim upon which relief can be

---

[35]VALIC Financial MTD, Docket Entry No. 56, pp. 1-2.

[36]Id. at 12.

22-20540.1310

granted.'"  King v. Baylor University, 46 F.4th 344, 355 (5th Cir. 2022).  In evaluating a motion to dismiss, the court should "assume [the] veracity [of well-pleaded factual allegations] and then determine whether they plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).  But bare legal conclusions are "not entitled to the assumption of truth."  Id.

**B.    ERISA Fiduciary Duty**

ERISA requires a plan's fiduciary to "discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries."  29 U.S.C. § 1104(a).  In addition to a plan's named fiduciary, ERISA defines a person as a plan fiduciary if:

> (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets . . . or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A).  "It is not enough for Plaintiffs to show that [Defendant] acted in a general fiduciary capacity."  Tiblier v. Dlabal, 743 F.3d 1004, 1008 (5th Cir. 2014).  To allege a breach of fiduciary duty, "Plaintiffs must establish that [Defendant] acted as a fiduciary with regard to the specific transaction about which they complain."  Id.

"[A] plan administrator is not an ERISA fiduciary when negotiating its compensation with a prospective customer."  Santomenno v. Transamerica Life Ins. Co., 883 F.3d 833, 837 (9th

-8-

Cir. 2018).[37]  Likewise, a "'service provider cannot be held liable
for merely accepting previously bargained-for fixed compensation.'"
<u>Depot, Inc. v. Caring for Montanans, Inc.</u>, 915 F.3d 643, 655 (9th
Cir. 2019).  But sometimes an "agreement may give [a service
provider] such control over factors that determine the actual
amount of its compensation that the person thereby becomes an ERISA
fiduciary with respect to that compensation." <u>F.H. Krear & Co.</u>,
810 F.2d at 1259.[38]

## C.    ERISA Prohibited Transactions

"Responding   to   deficiencies   in   prior   law   regulating
transactions by plan fiduciaries, Congress enacted [29 U.S.C.
§ 1106(a)(1)], which supplements the fiduciary's general duty of
loyalty to the plan's beneficiaries, [§ 1104(a)]." <u>Harris Trust</u>
<u>and Savings Bank v. Salomon Smith Barney, Inc.</u>, 120 S. Ct. 2180,
2184-85 (2000).  Section 1106(a)(1)(C) prohibits a plan fiduciary
from knowingly "engag[ing] in a transaction [for the] . . .
furnishing of goods, services, or facilities [with] a party in

---

[37]<u>See also F.H. Krear & Co. v. Nineteen Named Trustees</u>, 810
F.2d 1250, 1259 (2d Cir. 1987) ("When a person who has no
relationship to an ERISA plan is negotiating a contract with that
plan . . . [he] is not an ERISA fiduciary with respect to the terms
of the agreement for his compensation.").

[38]<u>See also American Federation of Unions Local 102 Health &</u>
<u>Welfare   Fund   v.   Equitable   Life   Assurance   Society   of   the</u>
<u>United States</u>, 841 F.2d 658, 663 (5th Cir. 1988) ("Because Holden's
commissions are based on a percentage of claims paid, and Holden
exercised discretion over which claims would be paid, we hold he is
a fiduciary with respect to his commissions.").

22-20540.1312

interest." ERISA defines a "party in interest" to include "a person providing services to such plan." 29 U.S.C. § 1002(14)(B). A service relationship with a party in interest must fit into one of the exemptions listed in § 1108 to avoid § 1106(a)'s prohibition. Section 1108(b)(2), sometimes called the exemption for necessary services, permits a plan fiduciary to contract "with a party in interest for . . . services necessary for the establishment or operation of the plan, if no more than reasonable compensation is paid therefor."

ERISA authorizes civil actions by "a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter . . . or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce [those] provisions." 29 U.S.C. § 1132(a)(3). In Harris Trust and Savings Bank, the Supreme Court held that § 1132(a)(3) allows a plan fiduciary to bring a civil action against a nonfiduciary who engages with the fiduciary in a § 1106(a) prohibited transaction. 120 S. Ct. at 2189-91.

## III. **Analysis**

**A. VALIC's Motion to Dismiss**

The Complaint alleges that VALIC violated its § 1104(a) fiduciary duty by collecting the fee.[39] The Complaint also alleges that the Plan's contract with VALIC was a § 1106(a) prohibited

---

[39]Complaint, Docket Entry No. 1, p. 10.

-10-

transaction because VALIC was a party in interest and because no § 1108 exemption applies, due to the impermissible surrender fee.[40]

VALIC argues that the fiduciary-duty claim fails because collecting the fee was not a fiduciary act, and that the prohibited-transaction claim fails because VALIC was not a party in interest when it entered the contract.[41]

    1.   Section 1104(a) ERISA Fiduciary Duty

The Complaint alleges that collecting the fee was a breach of VALIC's fiduciary duty. Plaintiffs argue that VALIC acted as a fiduciary within the meaning of § 1002(21)(A)(i) "because it exercised discretionary control" and "had authority over the management of the plan and distribution of plan assets" and within the meaning of § 1002(21)(A)(iii) because VALIC "had discretionary authority in the administration of the plan."[42] These arguments are based on the Complaint's allegations that VALIC, "[p]ursuant to the terms of its agreement, [] has the discretion to" waive the fee and that "VALIC deliberated on whether to waive the surrender fee."[43]

---

[40]Id. at 9.

[41]VALIC MTD, Docket Entry No. 55, pp. 17, 23. VALIC also argues that the Complaint's § 1106(a) fails because the prohibited transaction was not a knowing one and because Plaintiffs seek relief not authorized by the statute. Id. at 25-27. The court need not address these arguments because it concludes that VALIC was not a party in interest when it initially contracted with the Plan.

[42]Plaintiffs' Response, Docket Entry No. 58, p. 28.

[43]Complaint, Docket Entry No. 1, p. 10. The Complaint does not appear to allege that VALIC acted as a fiduciary in negotiating the
(continued...)

22-20540.1314

VALIC argues that Plaintiffs' fiduciary duty claim fails because VALIC did not act as a fiduciary in collecting the surrender fee.[44]

Courts have held that a plan's service provider does not act as an ERISA fiduciary by "'merely accepting previously bargained-for fixed compensation.'" E.g., Depot, 915 F.3d at 655.[45]   In Santomenno the plaintiffs' employers contracted with the defendant for management and operation of retirement plans. 883 F.3d at 835. The defendant was compensated as a fixed percentage of the managed assets per a specific fee schedule in the contracts. Id. at 836. The plaintiffs argued that withdrawal of these fees was a fiduciary act because the defendant "'exercises any authority or control respecting management or disposition of'" assets. Id. at 839 (citing § 1002(21)(A)(i)). The court held that the defendant's collection of predetermined fees was not a fiduciary act, stating that "withdrawal of predetermined fees . . . amount[s] to control respecting management or disposition of [plan] assets, in only the hollowest sense of control." Id. at 841 (internal quotation marks omitted).

---

[43](...continued)
surrender fee. A service provider does not act as a fiduciary in negotiating its compensation. Santomenno, 883 F.3d at 837.

[44]VALIC MTD, Docket Entry No. 55, p. 21.

[45]See also Danza v. Fidelity Management Trust Co., 533 F. App'x 120, 126 (3d Cir. 2013) (holding that a defendant did not act as a fiduciary by "collecting its compensation . . . [because] at the time it collected the fee, [the defendant] had no actual control or discretion over the transaction at issue — the price of the previously bargained-for fees").

22-20540.1315

Collecting fees can be a fiduciary act where the amount depends on the factors within the service provider's control. In Equitable Life the defendant issued a group life insurance policy to the plaintiff fund. 841 F.2d at 660. The defendant was appointed as administrator of the fund and had authority to grant or deny claims under the policy. Id. at 662-63. The court held that the defendant acted as a fiduciary in collecting the commissions because they were "based on a percentage of claims paid, and [he] exercised discretion over which claims would be paid." Id.

The court is persuaded that the logic of Depot and Santomenno applies here. Just as the Santomenno defendant collected a fixed percentage of managed assets as specified in the agreement, VALIC retained a fixed percentage of the Plan's assets as a surrender fee that was disclosed in the Policy. Plaintiffs attempt to distinguish these cases by arguing that they dealt with the § 1002(21)(A)(i) fiduciary definition (a person exercising control over assets) and not the § 1002(21)(A)(iii) fiduciary definition (a person exercising discretion in plan administration). But Santomenno's reasoning applies to both provisions. Just as the collection of predetermined fees fits "only the hollowest sense of control,"[46] that collection is also not an exercise of "discretion" except in the most formal sense that VALIC could choose to accept less payment than it was owed.

---

[46]Santomenno, 883 F.3d at 841.

This action is not analogous to Equitable Life. Unlike the defendant in Equitable Life, VALIC lacked control or discretion to influence the factors that determined the surrender fee to which it was entitled. The surrender fee was capped at 5 percent of "transfers out of the contract on amounts contributed in the previous 60 months,"[47] and it was up to the Plan to decide the amount of assets to deposit and withdraw in its accounts with VALIC. By contrast the defendant in Equitable Life could grant or deny claims, thereby increasing the sum on which he earned commissions.

Even though the contractually permitted surrender fee did not depend on VALIC's actions, Plaintiffs argue that collection of the fee was a fiduciary act. Plaintiffs contend that the collection falls into either the § 1002(21)(A)(i) or (iii) fiduciary definition because "VALIC secured for itself the discretion to waive the fee" and because "VALIC exercises discretion in deciding whether to pay itself a 5% surrender charge."[48]

Most of the cases cited by Plaintiffs in support of this argument are similar to Equitable Life. The contracts in those cases gave the defendants a role that enabled them to change their compensation, and not merely because they could waive a fee or accept a lesser payment. But two of the cases provide some support

_____

[47]Complaint, Docket Entry No. 1, p. 4.

[48]Plaintiffs' Response, Docket Entry No. 58, pp. 30-31.

-14-

for Plaintiffs' argument that the authority to  waive a fee can make it a fiduciary act to collect the fee.  In <u>Hi-Lex Controls, Inc. v. Blue Cross Blue Shield of Michigan</u>, 751 F.3d 740, 744 (6th Cir. 2014), the defendant argued that it was not a fiduciary act to collect certain fees that "were part of the standard pricing arrangement" included in its contract with the plaintiff plan.  The court rejected this argument, emphasizing that "imposition of the [] Fees was not universal" and that they "were sometimes waived entirely."  <u>Id.</u>  Similarly in <u>Charters v. John Hancock Life Insurance Co.</u>, 583 F. Supp. 2d 189, 197 (D. Mass. 2008), the defendant "had the sole authority to set the administrative maintenance charge, limited only by a maximum charge" of .75% of the invested assets.  Based on this "discretion," the court held that it was a fiduciary act to collect those fees.  <u>Id.</u> at 198.

    To the extent that <u>Hi-Lex</u> and <u>Charters</u> imply that the ability to waive a fee makes it a fiduciary act to collect the surrender fee, the court is not persuaded.  There is no practical difference between a contract that permits a provider to set a fee within a contractually bounded range, as in <u>Charters</u>; a contract that sets a fixed fee but specifies that the fee is waivable, as in this case; and a contract that sets a fixed fee.  Each contract allows the provider to collect up to a maximum fee or percentage, and the provider can always agree to accept less compensation or waive the fee entirely.  The contracts in <u>Equitable Life</u> and similar cases are different because they did not dictate the maximum fee or

-15-

percentage that the provider could collect.  Instead the maximum fee depended in part on the defendant's discretionary actions.

Because VALIC's surrender fee was a predetermined fee established in the parties' contract, VALIC did not act as a fiduciary within the meaning of 29 U.S.C. § 1002(21)(A) by collecting the fee.  Plaintiffs have therefore failed to state a legally cognizable claim that collecting the surrender fee breached VALIC's fiduciary duty under ERISA.

    2.   <u>Section 1106(a) Prohibited Transaction with a Party in Interest</u>

The Complaint alleges that VALIC knowingly engaged in a transaction prohibited by ERISA under 29 U.S.C. § 1106(a).[49]  VALIC argues that there was no § 1106(a) prohibited transaction because it was not a party in interest when it initially contracted.[50]  Plaintiffs' Response also argues that the subsequent payment of predetermined fees under that initial contract was a separate transaction subject to § 1106(a) scrutiny.[51]

    a.   The Initial Negotiations and Contract

Section 1106(a) prohibits transactions with parties in interest.  VALIC argues that it was not a party in interest because it had no relationship with the Plan or Markham before it

---

[49]Complaint, Docket Entry No. 1, p. 9.

[50]VALIC MTD, Docket Entry No. 55, pp. 23-24.

[51]Plaintiffs' Response, Docket Entry No. 58, pp. 23-24.

-16-

22-20540.1319

contracted to provide services.[52]  Plaintiffs respond that the statute's definition of party in interest includes all service providers, whether or not they have a prior relationship with the plan.[53]

Section 1002(14)(B) defines a party in interest to include "a person providing services to such plan."  The issue is whether that implicitly means a person <u>already</u> providing services to such plan at the time of the challenged transaction.

Because the statute does not further define any part of the phrase "person providing services to such plan," the court must discern the "plain meaning of [the phrase], informed by statutory context."  <u>See Gallardo By and Through Vassallo v. Marstiller</u>, 142 S. Ct. 1751, 1759 (2022).  The word "providing," used to describe a person or entity, would most commonly be used to describe a person who has started providing something.  For example, "the company providing my insurance" would refer to one's current insurer.  But it would not always be unusual to use "providing" to describe a person who may soon start doing so.  One might refer to the caterer for an upcoming event as "the caterer providing food at Friday's event," but this would be an odd usage if there were no agreement to do so.  Another set of examples are United States statutes governing the allocation of certain grants that require

---

[52]VALIC MTD, Docket Entry No. 55, pp. 23-24.

[53]Plaintiffs' Response, Docket Entry No. 58, pp. 20-21.

22-20540.1320

that priority be given to "proposals providing services to . . . underserved populations." <u>See</u> 34 U.S.C. § 12421(3). These do not refer to ongoing services. One might also use a present tense form of "provide" to generically describe a company's services, like "VALIC provides investment services" or "VALIC is a company providing retirement investment services to employers."

Therefore the language "a person providing" does not on its own exclude either reading. But the qualifier "to such plan" limits the natural reading of providing services in Section 1002(14). Describing a caterer as "a person providing lunch <u>to the organization</u>" or a company as "the person providing <u>my</u> life insurance" would make no sense if there were no agreement to provide those services. One would not normally describe someone as "a person providing services to [a specific entity]" when the provider has not yet begun or at least reached an agreement with the entity to provide the services.

Nearby parts of the statute also help discern the definition's meaning. Section 1002(14) includes in the "party in interest" definition "any [plan] fiduciary," "an employer any of whose employees are covered by such plan," and "an employee organization any of whose members are covered by such plan." The common theme appears to be that these are insider groups that could improperly influence the fiduciary's decisions about how to invest plan assets. The Supreme Court has recognized this, stating that "Congress defined 'party in interest' to encompass those entities

-18-

that a fiduciary might be inclined to favor at the expense of the plan's beneficiaries." Harris, 120 S. Ct. at 2185.  In Lockheed Corp. v. Spink, 116 S. Ct. 1783, 1791 (1996), the Court described § 1106(a) prohibited transactions as "commercial bargains that present a special risk of plan underfunding because they are struck with plan insiders, presumably not at arm's length."  A service provider that lacks a preexisting relationship with the plan does not pose this same "insider" risk.

Plaintiffs cite Department of Labor ("DOL") regulations that favor their reading.  In 2012 the DOL issued regulations interpreting the § 1108(b)(2) exemption for necessary services.[54] The regulations explain that in order to fall within the § 1108(b)(2) exemption, a contract for services with a pension plan must meet specified disclosure requirements.[55]  The disclosure requirements are not at issue here, but in an overview of the regulation, the DOL stated that all service contracts with service providers would be prohibited by § 1106(a) were it not for the § 1108 exemptions:

> The furnishing of goods, services, or facilities between a plan and a party in interest to the plan generally is prohibited under section [1106(a)(1)(C)] of ERISA.  As a result, a service relationship between a plan and a service provider would constitute a prohibited transaction, because any person providing services to the

_____

[54]Reasonable Contract or Arrangement Under Section 408(b)(2) - Fee Disclosure ("Pension Disclosure Regulations"), 77 Fed. Reg. 5632 (Feb. 3, 2012).

[55]Id. at 5655-56.

-19-

> plan is defined by ERISA to be a "party in interest" to
> the plan. However, section [1108(b)(2)] of ERISA exempts
> certain arrangements between plans and service providers
> that otherwise would be prohibited transactions under
> section [1106] of ERISA. (Emphasis added.)[56]

Plaintiffs argue that the statute's "party in interest"
definition is at least ambiguous and that the court should
therefore give Chevron deference to the DOL's interpretation.
Chevron deference applies "if the statute is silent or ambiguous
with respect to the specific issue." Chevron, U.S.A., Inc. v.
National Resources Defense Council, Inc., 104 S. Ct. 2778, 2782
(1984). If there is ambiguity, "the question for the court is
whether the agency's answer is based on a permissible construction
of the statute." Id.

In conjunction with their argument about the pension
regulations, Plaintiffs point to similar amendments made by
Congress in the Consolidated Appropriations Act of 2021.
Plaintiffs argue that by passing the amendments, "Congress has
since confirmed the DOL's regulatory interpretation of
§ 1106[406]."[57] The pension regulations required pension plan
service providers to supply plan fiduciaries with additional
disclosures, which focused on indirect compensation received by the

---

[56]Id. at 5632. This statement is in the DOL's "Overview of
Final Regulation and Public Comments," which is in the Federal
Register at the listed citation but not codified in the Code of
Federal Regulations.

[57]Plaintiff's Response, Docket Entry No. 58, p. 19.

-20-

service provider.[58]  The regulations implement this requirement by stating that "[n]o contract or arrangement for services between a [pension plan] and a covered service provider, nor any extension or renewal, is reasonable within the meaning of section 1108(b)(2) . . . unless the [disclosure requirements] are satisfied."  29 C.F.R. § 2550.408b-2(c)(1)(i).  In the Consolidated Appropriations Act of 2021, Congress amended the § 1108(b)(2) exemption by adding that "[n]o contract or arrangement for services between a [group health plan] and a covered service provider, and no extension or renewal of such a contract or arrangement, is reasonable within the meaning of this paragraph unless the [disclosure requirements] are met."  29 U.S.C. § 1108(b)(2)(B)(i); Pub. L. 116-260, pp. 2895, 2897.

Unlike the DOL's overview of the pension regulations, the congressional amendments do not state that all service relationships with plans would be prohibited by § 1106 absent an exemption.  Although not fully explained, Plaintiffs' argument appears to be (1) that Congress was aware of the DOL's regulations that require pension plan service providers using the § 1108(b)(2) exemption to make indirect compensation disclosure, (2) that the regulations were intended to and do operate as disclosure requirements for all pension service providers, and (3) that Congress implemented a similar statutory condition that requires

_____

[58]Pension Disclosure Regulations, 77 Fed. Reg. at 5655-56.

-21-

essentially the same disclosures from group health plans' service providers using the § 1108(b)(2) exemption.   By choosing to implement very similar disclosure requirements using nearly identical language, Congress must therefore have intended a similar scope — that all service providers of group health plans would have to make the required disclosures.   That would mean that all those service providers are parties in interest because the disclosure requirements only apply to transactions that require a § 1108 exemption, i.e., only transactions with parties in interest.

Although the similarity of the Congressional amendments to the pension regulations may indicate that Congress intended to enact a similar disclosure regime for group health plans' service providers, that would be a remarkably subtle and indirect way of expanding the reach of § 1106(a)'s prohibition to all service contracts, including ones not even subject to the disclosure requirements.   Congress could accomplish that with a minor change to the § 1002(14) party-in-interest definition.   The court is not persuaded that Congress intended to broaden the party-in-interest definition to include every service provider for purposes other than group health plan disclosure requirements.

The Fifth Circuit has not addressed this question, and the courts that have done so are split, grappling with many of the same arguments explained above.   A majority of courts have adopted VALIC's reading.   Ramos v. Banner Health, 1 F.4th 769, 787 (10th Cir. 2021); see also Danza v. Fidelity Management Trust Co., 533

-22-

F. App'x 120, 125 (3d Cir. 2013); <u>Sellers v. Anthem Life Insurance Co.</u>, 316 F. Supp. 3d 25, 33-34 (D.D.C. 2018).[59]  For example, in <u>Ramos</u> the Tenth Circuit concluded that "some prior relationship must exist between the fiduciary and the service provider to make the provider a party in interest."  1 F.4th at 787.

But in <u>Braden v. Wal-Mart Stores, Inc.</u> the Eighth Circuit held that a service contract was subject to § 1106(a)'s prohibition because the provider was a party in interest based on that same contract.  588 F.3d 585, 600-601 (8th Cir. 2009) (adopting this reading despite the argument that it "renders virtually any business between a covered plan and a service provider a prima facie 'prohibited transaction'").  A few district courts have reached the same conclusion.[60]

---

[59]<u>See also Chavez v. Plan Benefit Services, Inc.</u>, Cause No. AU-17-CA-00659-SS, 2018 WL 6220119, at *3 (W.D. Tex. Sept. 12, 2018) ("Defendants were not parties in interest when they initially contracted to provide services because, at that time, they were not yet 'providing services to the plan.'"); <u>Patrico v. Voya Financial, Inc.</u>, No. 16 Civ. 7070(LGS), 2018 WL 1319028, at *6 (S.D.N.Y. March 13, 2018).

[60]<u>See Comerica Bank for DALRC Retiree Benefit Trust v. Voluntary Employee Benefits Associates, Inc.</u>, No. 1:09-cv-1164-WSD, 2012 WL 12948705, at *18, n.27 (N.D. Ga. Jan. 11, 2012) ("The statutory language does not say that the contract that causes the service provider to be a party in interest must be different than the prohibited transaction."); <u>Ronches v. Dickerson Employee Benefits, Inc.</u>, Case No. CV 09-04279 MMM (PJWx), 2009 WL 10669571, at *18 (C.D. Cal. Oct. 30, 2009) ("Limiting liability under § 1106 to service providers who have a preexisting relationship would not only contravene the clear language of the statute, but would not be rationally related to Congress's overriding concern with the protection of plan participants and beneficiaries.") (internal quotation marks omitted).

-23-

The court is not persuaded that the party-in-interest definition includes a service provider that has no preexisting relationship with the plan, or that the definition is ambiguous on that question.  The natural reading of the phrase "a person providing services to such plan" is that the person has started providing services or has at least agreed to do so.  Plaintiffs' reading of that phrase would also stand in stark contrast to the rest of the party-in-interest definition, which is focused on "entities that a fiduciary might be inclined to favor at the expense of the plan's beneficiaries." Harris Trust and Savings, 120 S. Ct. at 2185.  Because the definition is not ambiguous on this point, Chevron deference does not apply to the Department of Labor's statement.  Although Congress's 2020 amendments may have intended the new disclosure requirements to apply to all service contracts with group health plans, the court is not persuaded that Congress contemplated or intended that doing so would broaden the party-in-interest definition to include all new service providers, thereby subjecting every type of service contract to § 1106(a) scrutiny.

Because VALIC was not a party in interest when it entered the contract, the contract is not a § 1106(a) prohibited transaction.

b.   Was Collecting the Fee a Separate "Transaction"?

Plaintiffs also argue that collecting the fee was a separate prohibited transaction and that VALIC was certainly a party in

-24-

interest by that time due to the PD Contract.[61]  Section 1106(a) prohibits fiduciaries from "caus[ing] the plan to engage in a transaction" for services with a party in interest.  When it collected the fee VALIC had been providing services to Plaintiffs for several years.  VALIC therefore likely met the § 1002(14) party-in-interest definition at that time.  But the court is not persuaded that collection of the contractually predetermined surrender fee is a separate "transaction" within the meaning of § 1106(a).

Plaintiffs cite Peters v. Aetna Inc., 2 F.4th 199 (4th Cir. 2021), to support their argument that collecting the fee was a separate transaction.  In Peters a beneficiary challenged a fee structure between her health insurance plan's administrator and one of the administrator's subcontractors.  Id. at 212-13.  The plan's contract with the administrator stated that the administrator was responsible for any payments due to subcontractors.  Id. at 210.  Instead, the administrator asked its subcontractor to bill incorrectly in a way that resulted in the plan and its members paying the subcontractor's administrative fees.  Id.  The plaintiff alleged that the subcontractor was a party in interest and engaged in a § 1106(a) prohibited transaction with the plan administrator, a fiduciary.  Id. at 239.  The court concluded that the subcontractor was not a party in interest when it initially contracted with the administrator because they had no prior

––––––––––––

[61]Plaintiffs' Response, Docket Entry No. 58, pp. 23-24.

22-20540.1328

relationship.  Id. at 239-40.  But the court held that the subcontractor "could be a party in interest because it 'provided services to the plan at the time [its administrative] fees were paid.'"  Id. at 240.

The court in Chavez reached the opposite conclusion.  2018 WL 6220119, at *3.  In Chavez plaintiff-beneficiaries sued a service provider of their employer's retirement plan, alleging § 1106(a) prohibited transactions.  Id. at *1.  Plaintiffs alleged that "the plan fiduciaries caused the plans to engage in a separate transaction under § 1106(a) each time they paid Defendants' fees — even though these fees were negotiated and agreed to before Defendants became parties in interest."  Id. at 3 (emphasis in original).  The court rejected this argument, holding that "the plan fiduciaries did not 'cause the plan[s]' to engage in a transaction within the meaning of § 1106(a) when they fulfilled their contractual obligation to pay Defendants' fees in accordance with the terms of the initial contract."  Id.  The court emphasized that "at the time Defendants initially contracted with the plan fiduciaries and negotiated the fee structure complained of by Plaintiffs, there was no preexisting relationship between Defendants and the plan fiduciaries."  Id. at *4.

The court is persuaded that the Chavez rule should apply here. Assuming that Peters is relevant,[62] it could undermine the

---

[62]On the surface, Plaintiffs' argument is supported by Peters' statement that a person "could be a party in interest because it
(continued...)

limitation of § 1106(a) scrutiny to service providers that have preexisting relationships with the serviced plans. The payment of the contractual fees could always subject the agreement to scrutiny. But when a service provider collects a predetermined fee in accordance with the initial contract's terms, that collection is not a separate transaction that triggers § 1106(a) scrutiny.

### 3.   Leave to Amend

"In the event the Court grants any part of VALIC's motion to dismiss, Plaintiffs seek leave to amend."[63] Since the court has not entered a scheduling order in this case, the request for leave to amend in governed by Fed. R. Civ. P. 15(a). Rule 15(a) states that "[t]he court should freely give leave when justice so requires." But denying leave to amend may be appropriate in cases of undue delay, bad faith or dilatory motive, repeated failure to cure

---

[62](...continued)
'provided services to the plan at the time its [administrative] fees were paid.'" 2 F.4th at 240. But VALIC's collection of the surrender fee was plainly provided for in its contract with the Plan. By contrast the defendant in Peters incorrectly billed for its administrative services using "CPT" codes. Id. at 210. CPT codes are the American Medical Association's published billing codes that are supposed to "only describe health care procedures and services." Id. at 234. The billing in Peters therefore could not have been straightforward payment in accordance with the contract. Where a person collects compensation not provided for by the contract or in a manner not authorized by the contract, that collection may be a separate transaction. But there is no indication that VALIC acted outside the contract's terms by collecting the surrender fee.

[63]Plaintiffs' Response, Docket Entry No. 58, p. 32.

22-20540.1330

deficiencies, undue prejudice to the opposing party, and futility. Rosenzweig v. Azurix Corp., 332 F.3d 854, 864 (5th Cir. 2003).

Plaintiffs include a list of possible new allegations, including that VALIC complied with regulatory disclosures applicable only to parties in interest. Plaintiffs also state that they could potentially add new state law claims.

Plaintiffs filed their Complaint in January of 2021.[64] VALIC filed a motion to dismiss before the Eastern District of California transferred the case to this court.[65] That motion raised the very issues that the court now finds fatal to Plaintiffs' Complaint. Plaintiffs' response did not mention the new allegations that they now seek to add or seek leave to amend if VALIC's Motion to Dismiss was denied.[66] Even though no answer had been filed when the case was transferred to this court, Plaintiffs chose not to amend the Complaint. Plaintiffs have been aware of the Complaint's issues for over a year and only now mention these new allegations and claims. Plaintiffs have given no justification for such delay. Also, Plaintiffs' list of new allegations is generic and equivocal. Plaintiffs state that they "can _potentially_ amend" to add state law

---

[64]Complaint, Docket Entry No. 1, p. 1.

[65]Memorandum of Points and Authorities in Support of Motion to Dismiss and/or Motion to Strike of Defendant The Variable Annuity Life Insurance Company, attached to Notice of Motion and Motion to Dismiss and/or to Strike of Defendant The Variable Annuity Life Insurance Company, Docket Entry No. 20-2, p. 1.

[66]See generally Plaintiffs' Opposition to Defendant VALIC's Motion to Dismiss and/or Motion to Strike, Docket Entry No. 23.

-28-

claims and "could also <u>potentially</u> add allegations about VALIC's decision to hold the Plan's assets ransom." (Emphasis added.)[67] Plaintiffs also state that they could add "allegations about the manner in which VALIC exercised discretion in imposing the surrender charge" but give no examples.[68]  In light of the ample opportunity Plaintiffs have had to add these allegations and their undue delay in doing so, it would not be an efficient use of the court's or the parties' resources to grant leave to amend. Plaintiffs' request for leave to amend will therefore be denied.

**B.   VALIC Financial's Motion to Dismiss**

Because the court concludes that Plaintiffs have failed to state a claim against either Defendant,[69] VALIC Financial's Motion to Dismiss will be denied as moot.

## IV.  Conclusion and Order

For the reasons explained above, the court concludes that Plaintiffs' ERISA §§ 1104(a) and 1106(a) claims fail as a matter of law.  Plaintiffs' request for leave to amend (found at p. 32 of The Markham Plaintiffs' Opposition to Defendant VALIC's Motion to Dismiss and/or Motion to Strike, Docket Entry No. 58) is **DENIED**. The Motion to Dismiss of Defendant The Variable Annuity Life

---

[67]Plaintiffs' Response, Docket Entry No. 58, p. 33.

[68]<u>Id.</u>

[69]VALIC's MTD, Docket Entry No. 55, p. 7 n. 1

-29-

Insurance Company (Docket Entry No. 55) is **GRANTED;** and the Motion to Dismiss of Defendant VALIC Financial Advisors, Inc. (Docket Entry No. 56) is **DENIED AS MOOT.**

　　**SIGNED** at Houston, Texas, on this 5th day of October, 2022.

　　　　　　　　　　　　　　　　　　　SIM LAKE
　　　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE

22-20540.1333

TAB 4

United States District Court
Southern District of Texas

**ENTERED**

October 05, 2022

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| D.L. MARKHAM, DDS, MSD, INC., | § | |
| 401(K) PLAN and D.L. MARKHAM, | § | |
| DDS, MSD, INC., as plan | § | |
| administrator, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-22-0974 |
| | § | |
| THE VARIABLE ANNUITY LIFE | § | |
| INSURANCE COMPANY, VALIC | § | |
| FINANCIAL ADVISORS, INC., and | § | |
| VALIC RETIREMENT SERVICES | § | |
| COMPANY, | § | |
| | § | |
| Defendants. | § | |

## FINAL JUDGMENT

In accordance with the court's Memorandum Opinion and Order granting VALIC's Motion to Dismiss, this action is **DISMISSED WITH PREJUDICE**.

Costs will be taxed against the plaintiffs.

This is a **FINAL JUDGMENT**.

**SIGNED** at Houston, Texas, on this 5th day of October, 2022.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE