

Chris Baker
1 California Street, Suite 1250
San Francisco, CA 94111
tel. (415) 433-1064
cbaker@bakerlp.com
www.bakerlp.com

September 12, 2023

Lyle W. Cayce, Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place, Suite 115
New Orleans, LA  70130-3408

    Re:    <u>*D.L. Markham v. Variable Annuity Life* (Case No. 22-20540)</u>
                Notice of Supplemental Authority (F.R.A.P. 28(j))

Dear Ms. Cayce:

      On August 4, 2023, the Honorable Bridget S. Bade issued a unanimous opinion in *Bugielski v. AT&T Servs.,* 76 F.4th 984 (9th Cir. 2023). *Bugielski* addresses several issues central to this case.  (See Appellants Opening Brief pp. 18-20, 29-41; Appellants Reply Brief pp. 4-16, 19-20).

      First, *Bugielski* concludes ERISA should be interpreted consistent with its text.  Thus, section 406 encompasses arms-length transactions with service providers.  Section 408 sets forth the statutory exemptions that keep the plans running smoothly.  *Id.* at 901.  *Bugielski* declined "to read additional limitations, requirements, or exceptions into the statutory text." *Id.* at 901.

      Second, *Bugelski* rejects a reading of *Lockheed Corporation v. Spink* that requires a transaction to be harmful in order to be prohibited, and it rejects the atextual limitations on section 406 advanced in *Sweda v. University of Pennsylvania* and *Albert v. Oshkosh Corp. Bugielski*, supra, 76 F.4th at 903-909.

      Third, *Bugielski* holds that the DOL's interpretation of party in interest as applied to service providers – as set forth in 29 C.F.R. § 2550408.2 and 77 Fed.Reg. 5632-01 – is consistent with the textual reading of the statute.  *Bugielski, supra,* at 901-902, 909.  The "literal reading" of the statute is, indeed, the correct reading.  *Id.* at 908.

      Finally, *Bugielski* does not directly confront the circularity argument advanced by VALIC.  *Id.* at 907-908.  However, the reasoning of *Bugielski* – and its conclusion that the DOL's interpretation of party in interest is the textual one – supports Appellants' position that VALIC's circularity argument lacks merit.  *See Id.* at 906.  "ERISA's broader aim is to protect plan participants." *Id.* at 907.  Section "406(a)(1)(C) contains no language limiting its

Lyle W. Cayce, Clerk of Court
September 12, 2023
Page 2

application to non-arm's-length transactions" (i.e., plan insiders). *Id.* at 901. It is not absurd to subject even "ubiquitous" transactions with service providers to a reasonableness standard. *Id.* at 906-907. "A reviewing court's task is to apply the text of the statute, not improve upon it." *Id.* at 906 (cleaned up).

Very truly yours,

Chris Baker

cc: **Counsel for Appellees Variable Annuity Life *et al*.**: Elizabeth Wroblewski, David McDowell and Charan M. Higbee

**Counsel for Amicus Curiae US Chamber of Commerce**: Janet Galeria, Jordan L. Von Bokern, Jaime A. Santos and Jesse Lempel

**Counsel for Amicus Curiae American Council of Life Insurers**: Eric Mattson, Clair Lee and David Leifer)

**Counsel for Amicus Curiae US Secretary of Labor**: Seema Nanda, Wayne Berry, Jeffrey Hahn, Daniel Colbert