

David T. McDowell, Partner
P: (713) 337-5580
F: (713) 337-8850
david.mcdowell@mhllp.com

1001 Fannin Street
Suite 2400
Houston, TX 77002

September 18, 2023

*Via CM/ECF*

Lyle W. Cayce, Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130-3408

    Re:   No. 22-20540, *D.L. Markham v. Variable Annuity Life.*

Dear Mr. Cayce,

I write on behalf of VALIC to explain why Markham's[1] citation to *Bugielski v. AT&T Services, Inc.*, 76 F.4th 894 (9th Cir. 2023), is redundant and incorrect.

First, out-of-circuit citations are unnecessary to establish that "ERISA should be interpreted consistent with its text." Doc. 71 at 1; Appellees' Br. 28 (citing in-circuit precedent establishing that "the Court's inquiry can end with [unambiguous] statutory text"). That is why the "non-textual arguments advanced by [Markham] and the Secretary cannot override ERISA's unambiguous statutory text." Appellees' Br. 26; *id.* at 25–39. Markham's letter further undermines those non-textual arguments.

Second, *Bugielski* involved a "**longstanding** party in interest" that started providing "additional services" to a plan, and it specifically distinguished "inapposite" scenarios involving prohibited-transaction claims based on "payment for the services that rendered the service provider a 'party in interest' in the first place." *Bugielski*, 76 F.4th at 908 (emphasis added). That "inapposite" scenario is Markham's liability theory, and one *Bugielski* did not include within the scope of § 406(a)(1)(C).

Finally, *Bugielski*'s observation that "§ 406(a)(1)(C) contains no language limiting its application to non-arm's-length transactions" does not imply that ERISA prohibits ***all*** arm's-length service transactions. *Id.* at 901. Indeed, *Bugielski* recognized that "§ 406(a)(1)(C) only applies to service contracts with a 'party in interest,' ***and therefore it poses no bar to contracts with parties that do not meet that definition***." *Id.* at 907.

---

[1] "Markham" is Plaintiffs/Appellants, collectively. "VALIC" is Defendants/Appellees, collectively.



September 18, 2023
Page 2

Under Markham's interpretation of "party in interest," *Bugielski*'s reasoning makes no sense. If Markham is right, a longstanding relationship is irrelevant because differentiating "***new*** service providers" from "***existing*** providers" is "irrational and contrary to ERISA's text and purpose." Reply Br. 9. And *Bugielski*'s reference to service contracts with providers who are not parties in interest is nonsensical under Markham's interpretation, which categorically treats "***all*** service providers [as] parties in interest." *Id.* at 12.

Accordingly, Markham's citation to *Bugielski* does not support its expansive interpretation of party in interest. Rather, it only further illustrates why the Court should reject that interpretation as contrary to ERISA's unambiguous text and all relevant circuit-level precedent.

        Very truly yours,

        McDowell Hetherington LLP

        */s/ David T. McDowell*
        David T. McDowell

        Counsel for Appellees

cc: All counsel of record (*by CM/ECF*)