

David T. McDowell, Partner
P: (713) 337-5580
F: (713) 337-8850
david.mcdowell@mhllp.com

1001 Fannin Street
Suite 2400
Houston, TX 77002

December 7, 2023

*Via CM/ECF*

Lyle W. Cayce, Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130-3408

    Re:  No. 22-20540, *D.L. Markham v. Variable Annuity Life*.

Dear Mr. Cayce,

I write on behalf of VALIC in response to Markham's[1] letter concerning *Cunningham v. Cornell University*, No. 21-114-CV, 2023 WL 7504142 (2d Cir. Nov. 14, 2023).

Notwithstanding Markham's bare assertion, *Cunningham* did not meaningfully "address[] the interpretation of 'party in interest.'" Doc. 83 at 1. Rather, *Cunningham* simply mentioned the statutory definition of that term in passing before focusing its discussion on ERISA provisions concerning transactions between a plan and a party in interest. *See Cunningham*, 2023 WL 7504142, at *6. That treatment made sense in *Cunningham* because the allegedly prohibited transactions involved entities who were already providing plan services when the challenged transactions occurred. *See id.* at *2 (noting that the prohibited transactions occurred "[t]hroughout the class period" with "investment providers who *also* served as the Plans' recordkeepers"). But here, VALIC was *not* providing services to the plan when the challenged transaction, the purchase of the contract by the plan, occurred. *See* Appellees' Br. 25–42. Nothing in *Cunningham* suggests that ERISA's party-in-interest definition can be construed to include contractual strangers who are *not* providing services to a plan simply because they may provide services in the future.

Because VALIC was not a party in interest, *Cunningham*'s discussion of the interplay between 28 U.S.C. §§ 1106 and 1108 concerns issues this Court need never reach. Nonetheless, that discussion reveals two additional flaws with Markham's argument on appeal. First, *Cunningham* specifically rejected Markham's contention that § 1106 "does not exempt arms-length transactions from its coverage." Reply Br. 7; *see also Cunningham*, 2023 WL 7504142, at *8 (explaining why interpreting § 1106 to prohibit "routine transactions . . . cannot be consistent with [ERISA's] statutory purpose). Second, *Cunningham* rejected a deference argument based on the same

---

[1] "Markham" is Plaintiffs/Appellants, collectively. "VALIC" is Defendants/Appellees, collectively.



December 7, 2023
Page 2

"preamble of a regulation" that Markham relies on to claim *Chevron* deference here. *Id.* at 7 n.7; Appellants' Br. 40–41.

Accordingly, *Cunningham*'s holding is irrelevant, and its interpretation of ERISA's text and purpose undermines the arguments Markham makes to urge reversal on appeal.

            Very truly yours,

            McDowell Hetherington LLP

            */s/ David T. McDowell*
            David T. McDowell

            Counsel for Appellees

cc: All counsel of record (*by CM/ECF*)